UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| ANGELINA CARSON, | Case No. 2:17-CV-669 JCM (VCF) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| TARGET CORPORATION, | |
| Defendant(s). | |

Presently before the court is plaintiff Angelina Carson's motion to remand to state court. (ECF No. 6). Defendant Target Corporation filed a response (ECF No. 8), to which plaintiff replied (ECF No. 9).

**I. Facts**

The instant action involves a slip-and-fall incident at defendant's store, from which plaintiff incurred medical expenses and loss of wages. In particular, plaintiff alleges she suffered a right ankle/fibula fracture.

Plaintiff originally filed the complaint in state court on February 7, 2017. (ECF No. 1 at 5). The complaint alleges three claims for relief: (1) negligence; (2) negligence *per se*; and (3) negligent hiring, training, retention, and supervision. (ECF No. 1 at 5–9). Plaintiff seeks damages in excess of $15,000.00. (ECF No. 1 at 9).

Defendant removed the action to federal court on March 6, 2017, pursuant to 28 U.S.C. § 1332. (ECF No. 1).

In the instant motion, plaintiff moves to remand the action to state court. (ECF No. 6).

**II. Legal Standard**

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the

district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

For a United States district court to have diversity jurisdiction under 28 U.S.C. § 1332, the parties must be completely diverse and the amount in controversy must exceed $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1098 (9th Cir. 2003). A removing defendant has the burden to prove by a preponderance of the evidence that the jurisdictional amount is met. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996).

Procedurally, a defendant has thirty (30) days upon notice of removability to remove a case to federal court. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)(2)). Defendants are not charged with notice of removability "until they've received a paper that gives them enough information to remove." *Id.* at 1251.

Specifically, "the 'thirty day time period [for removal] . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts necessary for federal court jurisdiction." *Id.* at 1250 (quoting *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005) (alterations in original)). "Otherwise, the thirty-day clock doesn't begin ticking until a defendant receives 'a copy of an amended pleading, motion, order or other paper' from which it can determine that the case is removable. *Id*. (quoting 28 U.S.C. § 1446(b)(3)).

A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c). Remand to state court is proper if the district court lacks jurisdiction. *Id.* On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

. . .

. . .

. . .

James C. Mahan
U.S. District Judge

### III. Discussion

In the statement of removal, defendant states that plaintiff has alleged past medical expenses of approximately $25,500, wage loss of approximately $8,500, and total damages of approximately $123,500. (ECF No. 5 at 2).

In the instant motion, plaintiff argues that remand is proper because she "is barred, as a matter of law, from recovering more than $50,000 in this matter due to the damages limitation placed on the case by the Eighth Judicial District Court." (ECF No. 6 at 3). In particular, plaintiff asserts that because her counsel did not file a petition for exemption from arbitration while the action was in state court, plaintiff is barred from seeking damages in excess of $50,000 in state court. (ECF No. 6 at 3–4). Plaintiff further asserts that she "is at a loss as to where [d]efendant came up with the '123,500' figure." (ECF No. 6 at 2).

In response, defendant contends that the amount in controversy is based on a letter from plaintiff's counsel to defendant, dated November 10, 2016, wherein plaintiff's counsel supplements plaintiff's demand in the amount of $8,485.49, "for a total demand of $123,485.49." (ECF No. 8 at 22). Defendant further contends that the time never began to run for plaintiff to seek exemption from the arbitration program in state court because defendant removed the action to federal court before filing its answer. (ECF No. 8 at 3). Defendant asserts that it offered to stipulate to remand the matter to state court if plaintiff would stipulate to limit her potential damages recovery to $50,000, which plaintiff allegedly declined. (ECF No. 8 at 6).

In her reply, plaintiff asserts she "stipulates that, if this matter is remanded to state court, it [*sic*] will not file a petition to exempt this case from the arbitration program." (ECF No. 9 at 2). Plaintiff states that remand is proper because she "will be barred as a matter of law from recovering more than $50,000." (ECF No. 9 at 2).

Despite plaintiff's assertion to the contrary, stipulating to nonbinding arbitration does not bar plaintiff from recovering more than $50,000.00 "as a matter of law." "Under NRS 38.250(1)(a), civil actions for damages filed in district court that do not exceed $50,000, as the amount in controversy, must, subject to certain exceptions, first be submitted to ***nonbinding*** arbitration." *Zamora v. Price*, 213 P.3d 490, 492 (Nev. 2009) (emphasis added). Stipulating to

- 3 -

not file an exemption to nonbinding arbitration is not the same as stipulating to limiting potential damages recovery to $50,000.00. Plaintiff cites to no authority in support of her assertion and is apparently unwilling to concede or stipulate to limiting her damages thereunder.

Based on the foregoing, the court finds that defendant has satisfied its burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. *See Sanchez*, 102 F.3d at 404. Defendant provided a letter from plaintiff's counsel demanding $123,485.49 in damages for the subject incident. This amount exceeds the jurisdictional threshold.

Accordingly, plaintiff's motion to remand will be denied.

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to remand to state court (ECF No. 6) be, and the same hereby is, DENIED.

DATED May 19, 2017.

                                        /s/ James C. Mahan
                                        UNITED STATES DISTRICT JUDGE